UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YAQUELIN L. MIGUES
and other similarly-situated
individuals,

    Plaintiff(s),

v.

EL RINCONCITO ARGENTINO
BAKERY INC.,
EDUARDO MAMANI, and
FLORA FERNANDEZ MAMANI,
Individually,

    Defendants,

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YAQUELIN L. MIGUES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants EL RINCONCITO ARGENTINO BAKERY INC., EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YAQUELIN L. MIGUES is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant EL RINCONCITO ARGENTINO BAKERY INC. (hereinafter RINCONCITO ARGENTINO BAKERY, or Defendant) is a Florida corporation having a place of business in Miami Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendants EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI, are the owners/partners/ and directed operations of RINCONCITO ARGENTINO BAKERY. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff YAQUELIN L. MIGUES to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT").

7. Defendants RINCONCITO ARGENTINO BAKERY is an Argentinian bakery, deli/ cafeteria, and minimarket.

8. Corporate Defendant RINCONCITO ARGENTINO BAKERY is located at 1839 NE 185th ST, North Miami Beach 33179, where Plaintiff worked.

9. Defendant RINCONCITO ARGENTINO BAKERY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a bakery/deli/cafeteria and mini market. Defendant had more than two employees recurrently engaged in commerce or the

production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by regularly handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. In addition, Plaintiff handled credit card transactions. Therefore, there is FLSA individual coverage.

11. Defendants RINCONCITO ARGENTINO BAKERY, EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI employed Plaintiff YAQUELIN L. MIGUES as a non-exempted full-time hourly employee from approximately November 01, 2017, to April 16, 2023, or more than five years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

12. Plaintiff was hired as a bakery and cafeteria attendant. Plaintiff had multiple additional duties performing general bakery/cafeteria work. At the time of her termination, Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

13. While employed by Defendants, Plaintiff worked as follows:

14. During her last year or 52 weeks, Plaintiff worked six days per week. Plaintiff had an irregular schedule, and she had morning and afternoon shifts. Plaintiff worked Monday, Tuesday, and Friday from 6:00 AM to 1:30 PM (7.5 hours daily). On Thursday, Saturday, and Sunday, Plaintiff worked from 1:00 PM to 7:30 PM (6.5 hours). Plaintiff worked a total of 42 hours weekly. Plaintiff was paid for regular hours, but she was not paid for overtime hours. Consequently, Plaintiff is owed two overtime hours at the rate of time and one-half her regular rate.

15. During the remaining 103 relevant weeks, Plaintiff had a similar schedule. Plaintiff worked an average of 42 hours weekly, and she was paid for all her working hours but at her regular rate. Consequently, Plaintiff is owed two hours of half-time overtime.

16. Plaintiff did not take bonafide lunchtime hours.

17. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities, and they knew the number of hours she worked.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid weekly with checks without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

20. Plaintiff was fired on or about April 16, 2023, due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

21. At times mentioned, individual Defendants EDUARDO MAMANI and FLORA FERNANDEZ MAMANI were the owners/partners and managers of RINCONCITO ARGENTINO BAKERY. The individual Defendants EDUARDO MAMANI and FLORA FERNANDEZ MAMANI, were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation concerning its employees, including Plaintiff and others similarly situated. Defendants EDUARDO MAMANI and FLORA FERNANDEZ MAMANI had financial and operational control of the business, determining the terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

22. Plaintiff is not in possession of time and payment records, but she will provide a good-faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint accordingly when Defendants produce time and payment records.

23. Plaintiff YAQUELIN L. MIGUES intends to recover unpaid overtime wages for every hour she worked in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

24. Plaintiff also claims the reimbursement of approximately $500.00 illegally deducted from Plaintiff's wages to cover cash drawer shortages.

Collective Action Allegation

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every bakery employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff YAQUELIN L. MIGUES re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full.

29. This cause of action is brought by Plaintiff YAQUELIN L. MIGUES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants RINCONCITO ARGENTINO BAKERY, EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI employed Plaintiff YAQUELIN L. MIGUES as a non-exempted full-time hourly employee from approximately November 01, 2017, to April 16, 2023, or more than five years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

31. Plaintiff was hired as a bakery and cafeteria attendant. At the time of her termination, Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

32. While employed by Defendants, Plaintiff worked as follows:

33. During her last year or 52 weeks, Plaintiff worked six days per week. Plaintiff had an irregular schedule, and she had morning and afternoon shifts. Plaintiff worked a total of 42 hours weekly. In this period, Plaintiff was paid only for regular hours, but she was not paid for overtime hours. Consequently, Plaintiff is owed two overtime hours at the rate of time and one-half her regular rate.

34. During the remaining 103 relevant weeks, Plaintiff had a similar schedule. Plaintiff worked six days per week, an average of 42 hours weekly. In this period, Plaintiff was paid for all her working hours, but at her regular rate. Consequently, Plaintiff is owed two hours of half-time overtime.

35. Plaintiff did not take bonafide lunchtime hours.

36. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities, and they knew the number of hours she worked.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

38. Plaintiff was paid weekly with checks without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

39. Plaintiff was fired on or about April 16, 2023, due to discriminatory reasons.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 USC § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good-faith estimate of unpaid overtime wages is as follows:

   * Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed. Plaintiff had not deducted approximately one week she did not work due to sickness.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Three Thousand One Hundred Eight Dollars and 00/100 ($3,108.00)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  more than five years
      Total relevant weeks of employment: 155 weeks
      Total hours worked: 42 hours weekly
      Number of unpaid O/T hours: 2 O/T hours
      Regular rate: $12.00 an hour x 1.5=$18.00 O/T Rate
      O/T rate: $18.00 an O/T hour
      Half-time: $6.00

**1.- Overtime for 52 weeks with 42 hours/ 2 O/T hours paid at $0.00**

O/T rate $18.00 x 2 O/T hours=$36.00 weekly x 52 weeks=$1,872.00

**2.- Half-time O/T for 103 weeks with 42 hours/2 O/T hours paid at regular rate**

Half-time $6.00 x 2 O/T hours=$12.00 weekly x 103 weeks=$1,236.00

Total #1 and #2: $3,108.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. Defendants RINCONCITO ARGENTINO BAKERY, EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YAQUELIN L. MIGUES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YAQUELIN L. MIGUES and other similarly situated individuals and against the Defendants RINCONCITO ARGENTINO BAKERY, EDUARDO MAMANI, and FLORA FERNANDEZ MAMANI, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff YAQUELIN L. MIGUES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YAQUELIN L. MIGUES demands trial by jury of all issues triable as of right by jury.

Date: April 29, 2023.

Respectfully submitted,

By: **/s/ Zandro E. Palma**

ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*